In re Petition for DISCIPLINARY AC-
TION AGAINST Scott W. LOFTHUS,
an Attorney at Law of the State of
Minnesota.

No. C4–90–147.

Supreme Court of Minnesota.

Jan. 31, 1990.

### ORDER

The Director of the Lawyers Profession-
al Responsibility Board filed a petition with
this court alleging that the respondent
Scott W. Lofthus had committed unprofes-
sional conduct warranting public discipline.
He alleges in the petition that during the
course of representation of a plaintiff in a
sexual harassment suit, respondent failed
to inform opposing counsel of the existence
of records concerning plaintiff which were
relevant to her suit; later knowingly made
a misrepresentation to opposing counsel
and the trial court about these records;
allegedly made an agreement with the di-
rector of a clinic where the client had
sought counseling to keep certain of the
client's records confidential because "it
would not be in the plaintiff's best inter-
est" to have the records released; failed to
inform opposing counsel of the existence of
these records; and did not reveal to oppos-
ing counsel the agreement with the clinic
director. Finally, the respondent subse-
quently misled opposing counsel and the
trial court that he, respondent, was not
aware of any records other than those
which had already been disclosed to oppos-
ing counsel. After judgment had been en-
tered in favor of respondent's client, oppos-
ing counsel moved to vacate the judgment
because of the concealment. The trial
court reduced the judgment, and found
that respondent and his client had willfully
failed to produce records requested by op-
posing counsel, which records were rele-
vant to plaintiff's sexual harassment claim,
but imposed no formal sanctions.

After the filing of the petition, respon-
dent entered into a stipulation for discipline
with the Director. In the stipulation, the
respondent waived all of his procedural
rights to hearings as provided in Rule
10(a), Rule 9 and Rule 14 of the Rules on
Lawyers Professional Responsibility. He
also waived his right to interpose an an-
swer and unconditionally admitted all of
the allegations of the petition. He joined
with the Director in recommending that
appropriate discipline pursuant to Rule 15,
Rules on Lawyers Professional Responsi-
bility is a public reprimand. Respondent
further agreed to the imposition and pay-
ment of $750 in costs pursuant to Rule 24,
Rules on Lawyers Professional Responsi-
bility.

The court having considered all of the
facts and circumstances surrounding this
matter, the petition of the Director, and the
stipulation of the parties NOW ORDERS:

1. That the respondent, Scott W. Lof-
thus, is hereby publicly reprimanded pursu-
ant to Rule 15 of the Rules on Lawyers
Professional Responsibility for misconduct
relating to his willful failure to produce
relevant records to opposing counsel dur-
ing discovery and for his misrepresentation
to opposing counsel and the trial court re-
garding these records.

2. That the respondent shall pay to the
Director within 90 days of the date of this
order, the sum of $750 in costs and dis-
bursements pursuant to Rule 24, Rules on
Lawyers Professional Responsibility.